U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2021 AUG 27 PM 2:48
CLERK OF COURT

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

= = = = = = = = = = = = = = = = = = = = = = = = = X

TAMMY S. STUEBER,

                              Plaintiff,

                                          **FEDERAL COMPLAINT**

          -AGAINST-                   Docket No# **21-C-1006**

LNV CORPORATION
7195 Dallas Parkway.
Plano, TX 75024,

AAMES HOME LOAN
1500 N. CASALOMA DRIVE, SUITE #210
APPLETON, WI 54913

                              Defendant(s)

= = = = = = = = = = = = = = = = = = = = = = = = = X

## TO: ALL NAMED DEFENDANTS HEREIN

       Plaintiff, **Tammy S. Stueber**, each appearing Pro-Se herein as individual party plaintiffs, being duly sworn, depose and say for its Complaint in support of a summons, alleged claims against defendants as follows:

**COUNT ONE:** UNFAIR TRADE PRACTICES INVOLVING NON- COMPLIANCE, 15 USC SECTIONS 1601, ET. SEQ

**COUNT TWO:** DISCLOSURE VIOLATION PURSUANT TO 15 U.S.C. 1635, ET. SEQ.

**COUNT THREE:** MISSING STATEMENTS VIOLATION, PURSUANT TO 15 U.S.C. SECTION 1635, ET. SEQ

**COUNT FOUR:** MISSING DISCLOSURE STATEMENTS VIOLATION, PURSUANT TO 15 U.S.C. SECTION 1638, ET. SEQ

**COUNT FIVE:** RIGHT TO RECIND VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ

**COUNT SIX:** DISCEPTIVE GROUPING VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ

**COUNTY SEVEN:** NO GOOD FAITH ESTIMATE VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ

**COUNT EIGHT:** FAILURE TO DISCLOSE CALCULATION OF MORTGAGE BALANCE, PURSUANT TO TITLE 12 CFR SECTION 226.4, ET. SEQ

**COUNT NINE:** INFLATION OF ACCELERATION FEES, IN VIOLATION OF TITLE 12 USC SECTION 2610, ET. SEQ

**COUNT TENTH:** FAILURE TO GIVE 3 DAY COOLING PERIOD, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND REGULATION Z

**COUNT ELEVENTH:** FAILURE TO GIVE PROPER NOTICE OF DEFAULT AND RIGHT TO CURE AND ACCELERATION NOTICE, IN VIOLATION OF 12 USC 2601 ET SEQ, 15 USC SECTION 1601, ET. SEQ. AND TITLE 12 CODE OF FEDERAL REGULATIONS, SECTION 226.18

**COUNT TWELVE:** FAILURE TO GIVE CONSPICUOUS WRITINGS, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND TITLE 12 CODE OF FEDERAL REGULATIONS, SECTION 226.18

**COUNT THIRTEEN:** VIOLATION FAILURE TO DISCLOSE INTEREST RATE PURSUANT TO REGULATION Z, PART 226.4

Plaintiffs' hereby alleges as follows:

## JURISDICTION AND VENUE

i- Plaintiff brings this complaint under federal diversity jurisdiction pursuant to 28 USC Section 1331; 1332, as there is a question of federal law and amount in controversy exceeds $ 75,000.00 dollars.

ii- Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claim is based occurred prior to the state court's judgment of foreclosure and actions or acts that violate federal banking and fraud statutes and due process violations of the constitution.

## PARTIES INVOLVED

1. That at all time hereinafter mentioned, plaintiff **Tammy S. Stueber** was and still is a resident and has conducted business and has residence in Wisconsin, County of Outagamie and she resides is located N5515 Old State Road 54, Shiocton, WI 54170.

2. That at all-time hereinafter mentioned, defendant LNV Corporation has been conducted business within in the State of New Jersey with a business located at · 7195 Dallas Parkway. Plano, TX 75024.

3. That at all time hereinafter mentioned, defendant Aames Home Loans whose offices are located at 1500 N. Casaloma Drive, Suite # 210, Appleton, WI 54913 and its assignment of mortgage in that this defendant had transferred evidence in the form of an assignment to the above named defendant for the purpose of its conspiracy and fraudulent actions.

4. That at all times hereinafter mentioned, defendants has participated with the initial action in which lacked the legal capacity to sue as well as the standing jurisdiction for it to commence any proceedings against the plaintiff herein.

5. That at all times hereinafter mentioned, the defendants has also participated in the scheme and fraud by knowingly engaged in the theft of equity by fraudulently commencing an action against plaintiff in

foreclosure knowing that it did not have standing, the proper assignment of trust, the jurisdiction or legal capacity to sue.

6. That the plaintiff has constitutional rights there were violated by the defendant and as a result of these violations there was a related judgment in foreclosure against the plaintiff herein.

7. The federal question of law is whether the defendants capacity to sue(or the lack thereof prior to the commencement of the foreclosure is an issue), of due process and jurisdiction in this matter and that such due process caused such injury to the plaintiff.

8. In this case, the plaintiff argue that [a] the defendant lacked standing to commence the proceedings against the plaintiff based upon knowingly false assignments of mortgages executed by fraudulent staff members and [b] that the defendants' were never registered to do business in the State of Wisconsin at the time of the commencement of the proceedings or prior to the judgment thereof, and [c] that the defendants' lacked the legal capacity to sue because of the security exchange commission reports and the

OCC filings of a cease and desist order based upon information and belief.

i. **Constitutional Claims**:

9. The issue of justice must comport to the safeguards of equal protection of the laws. In this case, the plaintiff argues that defendant deliberately hid its lack of capacity to sue or to commence any such foreclosure proceedings against the plaintiff prior to the action.

10. Upon information and belief, defendant (being only a trustee) to Aames Home Loans did not have standing because of the defective, fraudulent assignments of mortgages and the unknown persons whom executed these assignments-robo-signors, without any firsthand knowledge of the note or mortgage.

11. This is not about the '….foreclosure case itself or the judgment…', but the status and standing of the defendant's ability to commence the proceedings prior to the action itself.

12. Upon information and belief, defendant did not have any updated security exchange commission filings with the pooling agreement on record with the agency.

13. Upon information in belief, the office of the comptroller of currency did not have any records that the defendant submitted any evidence of its existence prior to the '…commencement of the foreclosure proceedings…', thereby causing an a typical hardship by the unconstitutional actions against plaintiff.

14. That the defendant lacked standing from the beginning and prior to the foreclosure action, did not have proper and legal standing.

15. That the defendant lacked the jurisdiction and was not registered as a business or to conduct its business in the State of Wisconsin since the secretary of the state did not receive its filings for such activities to do business.

16. That the assignments of mortgages, all of the assignments were defective, fraudulent and violated the due process rights of the plaintiff herein.

17. That the defendant did not have the capacity to sue the plaintiff prior to the '….commencement of the proceedings against plaintiff.

18. Plaintiff has stated a claim for which relief can be granted.

19. Despite the foreclosure process, the plaintiff is not questioning the '…..facts of the foreclosure or the manner….', the plaintiff is arguing that prior to the action, the defendant failed to have legal rights to commence the action.

20. The Supreme Court recognized that standing is a 'jurisdictional requirement' in **State ex rel. Dallman v. Franklin Cty. Court of Common Pleas**, (1973), and we stated: 'It is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or

representative capacity, some real interest in the subject matter of the action.' ... And recently, in **Kincaid v. Erie Ins. Co.**, (2010), we affirmed the dismissal of a complaint for lack of standing when it had been filed before the claimant had suffered any injury."

21. Citing the U.S. Supreme Court's 1992 holding in **Lujan v. Defenders of Wildlife** that "standing is to be determined as of the commencement of suit," and state court decisions supporting that same conclusion from Oklahoma, Vermont, Maine, Connecticut, Florida, Mississippi, and Nebraska, Justice O'Donnell pointed out that in this case "Federal Home Loan concedes that there is no evidence that it had suffered any injury at the time it commenced this foreclosure action.

22. Thus, because it failed to establish an interest in the note or mortgage at the time it filed suit, it had no standing to invoke the jurisdiction of the common pleas court."

23. In this case, plaintiff contends that the defendant lacked the legal capacity '….prior to the commencement of the action, standing to sue.

are named or discovered who participated in such

violations.

**WHEREFORE, your deponent respectfully prays for an order granting this complaint and the damages in a non-jury trial or virtual trial settings and to discharge the loan from plaintiff's credit report and sanctions along with $ 2 Million dollars in damages against the defendants and for such other and further relief this court may deem just, proper and equitable.**

Date: July 26th 2021
Outagamie County, WI

/s/ _____
Tammy S. Stueber
Mobile: 920-843.0195

**VERIFICATION**

I, ~~Jeanne D. Palumbo~~ Tammy Stuebr, appearing pro-se herein, being duly sworn, depose and states under the penalties of perjury, 28 USC 1746, that the foregoing is true and correct and as to matters based upon information and belief, the deponent believes to be true to the best of my knowledge.

Date: 26 day of Aug, 2021

/s/ _____
Tammy S. Stueber

_____.
Notary