UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TAMMY STUEBER,

          Plaintiff,

    v.                                            Case No. 21-C-1006

LNV CORPORATION and
AAMES HOME LOAN

          Defendants.

---

## SCREENING ORDER

---

On August 27, 2021, Plaintiff Tammy Stueber brought this action against Defendants LNV Corporation and Aames Home Loan, alleging violations of various federal statutes. Before the Court is Steuber's motion for leave to proceed without prepayment of the filing fee. The Court is authorized to screen the complaint, regardless of whether the filing fee has been paid, to "save everyone time and legal expense." *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

Stueber seems to take issue with an uncited foreclosure action, in which LNV Corporation and Aames Home Loan were apparently involved. Her primary contention throughout the

amended complaint is that Defendants lacked standing to sue in the underlying foreclosure suit. Stueber contends that the issue is "not about the foreclosure case itself or the judgment, but the status and standing of the defendant's ability to commence the proceedings prior to the action itself." Dkt. No. 1 at 6. Stueber notes that, as a result of Defendants actions, a judgment was entered against her in the foreclosure action, and an examination of Wisconsin Circuit Court Access reveals this to be true. *See LNV Corporation v. Tammy S. Stueber*, No. 2018CV001089, *available at* https://wcca.wicourts.gov/case.html. But even taking Stueber's claim that Defendants lacked standing in the state suit as true, this Court has no power to review a state court's determination of standing; indeed, Stueber's proper course of redress would have been to seek review of the state trial court's decision in the Wisconsin Court of Appeals, and then, if necessary, the Wisconsin Supreme Court.

In essence, Stueber is seeking "appellate review of the state judgment in a United States district court, based on [Stueber's] claim that the state judgment itself violates [Stueber's] federal rights." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 287 (2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–1006 (1994). Stueber seems to contend that, because Defendants lacked standing to sue, the judgment given effect by the state court violates her federal rights. This is precisely the type of claim that the *Rooker-Feldman* doctrine bars. The *Rooker-Feldman* doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. Here, Stueber lost her case in state court and now brings this case, arguing that because Defendants allegedly lacked capacity to sue in that case, the state court judgment has injured her. That judgment was rendered before Stueber commenced this case, and Stueber now invites the Court to reject the judgment of the state

2

court by holding that Defendants lacked standing to sue in the state court case. This, the Court cannot do. Therefore, the Court concludes that the *Rooker-Feldman* doctrine bars Stueber's standing claim from being heard in this Court.

It is perhaps also worth noting that Stueber's assertion that the Defendants lacked standing to sue for foreclosure in state court is also completely without merit. Federal standing doctrine is based on Article III of the United States Constitution and does not apply to state court proceedings where standing is governed by different rules. Stueber's claims that Defendants, both private businesses, violated her constitutional rights is likewise without merit since the Constitution limits the power of government, not private parties. The constitutional claims are also dismissed with prejudice.

Stueber's complaint also alleges violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., and regulations promulgated thereunder. The allegations are entirely conclusory, however, with no factual basis provided and thus likewise fail to state a claim. Because it is at least possible that Stueber may have a claim under TILA, those claims will be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED**. Stueber's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **DENIED**. She will be allowed 30 days in which to file an amended complaint if she can cure the defects described above. If no amendment is filed, the dismissal will become final.

Dated at Green Bay, Wisconsin this 20th day of September, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge