UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TAMMY STUEBER,

        Plaintiff,

    v.                                      Case No. 21-C-1006

LNV CORPORATION and
AAMES HOME LOAN,

        Defendants.

## ORDER OF DISMISSAL

On August 27, 2021, Plaintiff Tammy Stueber brought this action against Defendants LNV Corporation and Aames Home Loan, alleging violations of various federal statutes. On September 20, 2021, the Court dismissed Stueber's first complaint, concluding that her assertion that Defendants lacked standing to sue for foreclosure in state court was barred by the *Rooker-Feldman* doctrine and was also completely without merit. Dkt. No. 6 at 3. However, the Court gave Stueber 30 days to file an amended complaint because the Court found it at least possible that she may have a claim under the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., and regulations promulgated thereunder.

Stueber filed an amended complaint on October 15, 2021. Unfortunately, Stueber's amended complaint is identical to the original complaint in every respect, except with regard to the addition of six new paragraphs, none of which advance factual support for her claims under TILA. Paragraph 24 of Stueber's amended complaint merely discusses Stueber's challenge to Defendants standing, an issue already addressed by the Court, and paragraphs 25 through 29 merely allege that Stueber was injured, that Defendants were "engaging in unconstitutional

actions," that Stueber demands two-million dollars in damages, and that Stueber reserves her "rights to amend the complaint if after discovery other party defendants are named or discovered who participated in such violations." Dkt. No. 7 at ¶¶ 24–29. None of these allegations provide factual support for Stueber's conclusory assertion that Defendants violated TILA or its accompanying regulations. In sum, Stueber has failed to provide sufficient factual support for her allegations against Defendants, and at most, has provided conclusory allegations that cannot be accepted at this stage of the case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** for failure to state a claim. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 19th day of October, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge